<span style="color:red">Exhibit A</span>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT TENNESSEE
WESTERN DIVISION

MECHANICAL CONTRACTORS
ASSOCIATION OF MEMPHIS, INC.;
WHITE PLUMBING & MECHANICAL
CONTRACTORS, INC.; and MORGAN &
THORNBURG, INCORPORATED,

    Plaintiffs,

v.                                        Case No. 2:19-cv-02047-SHL-tmp

SHELBY COUNTY, TENNESSEE,
CAROLYN S. WATKINS and JOHN AND
JANE DOES 1-15,

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

    Defendants Shelby County, Tennessee ("Shelby County") and Carolyn S. Watkins (collectively "Defendants") pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, respond to Plaintiffs' First Set of Interrogatories as follows:

<u>**PREFATORY STATEMENT**</u>

    The following responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") shall not be deemed to be an admission that Defendants agree with any characterization, definition, or assumption that the Interrogatories contain therein.  Discovery is not yet complete and is still ongoing.  Accordingly, Defendants reserve the right to offer at trial any information responsive to Plaintiffs' Interrogatories that may be discovered after the submission of these responses.  Defendants also reserve the right to amend or supplement these responses if, and as, additional information becomes available.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each individual assisting in preparation of answers to these Interrogatories, and the Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

**ANSWER: Carolyn Watkins, Shelby County Administrator of Equal Opportunity Compliance, Shep Wilbun, Shelby County Chief Diversity Supplier Officer, and Allura Scott, Mason Tillman Senior Manager of Equity & Compliance, provided assistance with the preparation of Defendants' responses to Plaintiffs' discovery requests.**

**INTERROGATORY NO. 2:** State the full name and present home and business address and telephone numbers of all persons whom "Defendants" will or may call as expert witnesses to give opinion testimony at the trial of this case and for each person so identified, please:

    a.    State the name, address and telephone number of the person's employer or organization with which he is associated in any professional capacity;

    b.    State the field in which he is to be offered as an expert;

    c.    Identify each subject upon which the expert is expected to qualify as an expert witness;

    d.    Summarize the expert's qualifications within the field in which he is to testify;

    e.    State the substance of the facts to which he is expected to testify;

    f.    State the substance of the opinion or opinions to which he is expected to testify and a summary of the grounds for each opinion;

    g.    With regard to all documents used by such person in connection with preparation of his opinions in this case, state the date of the document, its author, its recipient, its custodian, and its location;

    h.    With regard to each document written by such person which relates to the formation or preparation of his opinions, state the date of the document, its author,

        its recipient, its custodian and its location and describe its nature (e.g., contract, invoice, memorandum); and,

    i.    List the names, titles and identify the publishers of all treatises, articles, pamphlets, journals, monographs, texts, books, and other publications used by any person identified in your response or which you expect or intend to use in this action in any way or at the trial of this case.

**ANSWER:** **The Court entered a Scheduling Order, which doesn't require Defendants to disclose experts until December 4, 2019. Accordingly, Defendants will identify their experts in accordance with the timing in the Scheduling Order previously entered by the Court and agreed to by the parties.**

**INTERROGATORY NO. 3:** Please state the name and address of each consulting expert whose report or work product was reviewed by a testifying expert in this case.

**ANSWER:** **Defendants object to Interrogatory No. 3 on the grounds that it exceeds the scope of permissible discovery. Subject to the foregoing objection and without waiving same, Defendants have not determined who their testifying experts will be and are not required to disclose its experts until December 4, 2019. Accordingly, there is no way to provide an answer to Interrogatory No. 3 at this stage of the litigation.**

**INTERROGATORY NO. 4:** With respect to each and every person who has knowledge of any fact relating to any allegations in the Complaint and any amendments thereto, please state the following:

    a.    The person's name, present home and business addresses and telephone numbers;

    b.    A brief summary of the facts known to each such person; and,

    c.    Whether the person has made a written or recorded statement or report and, if so, the name and present or last known business and home address and telephone numbers of the custodian of any such statement or report.

**ANSWER:** **Please refer to Defendants' Initial Disclosures for a listing of individuals with knowledge of relevant facts as well as a brief summary of their knowledge. None of these individuals have made and/or prepared a statement or report regarding the allegations in this matter except for Shep Wilbun.**

**INTERROGATORY NO. 5:** For each person who has knowledge of any discoverable facts connected to "Plaintiffs'" allegations in the Complaint and any amendments thereto, please state the following:

    a.    The person's name, present home and business addresses and telephone numbers;

    b.    A brief summary of the facts known to each such person; and,

    c.    Whether the person has made a written or recorded statement or report and, if so, the name and present or last known business and home address and telephone numbers of the custodian of any such statement or report.

**ANSWER:** **Please refer to Defendants' Initial Disclosures for a listing of individuals with knowledge of relevant facts as well as a brief summary of their knowledge. None of these individuals have made and/or prepared a statement or report regarding the allegations in this matter except for Shep Wilbun.**

**INTERROGATORY NO. 6:** Identify each finding made by Shelby County Commission that you claim supports the need for race, gender, or national origin-based preferences (MWBE Goals) which are imposed on the construction industry in Shelby County.

**ANSWER:** **The Shelby County Commission neither conducted an investigation nor made any findings regarding the need for race, gender, or national origin-based preferences in the construction industry.**

**INTERROGATORY NO. 7:** Identify each decision of the state or federal courts finding that race, gender, or national origin discrimination has occurred in the Shelby County construction industry.

**ANSWER: Defendants object to Interrogatory No. 7 on the grounds that it is overly broad and lacks any time limitations. The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014. Defendants further object to the extent that Interrogatory No. 7 requires and/or requests Defendants to conduct Plaintiffs' legal research. Subject to the foregoing objections and without waiving same, Defendants are not aware of any court decisions responsive to this Interrogatory.**

**INTERROGATORY NO. 8:** Identify each administrative finding, whether state, local or federal, that there has been race, gender, or natural origin discrimination in the Shelby County construction industry.

**ANSWER: Defendants object to Interrogatory No. 8 on the grounds that it is overly broad and lacks any time limitations. The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014. Defendants further object to the extent that Interrogatory No. 8 requires and/or requests Defendants to conduct Plaintiffs' legal research. Subject to the foregoing objections and without waiving same, Defendants are not aware of any administrative findings responsive to this Interrogatory.**

**INTERROGATORY NO. 9:** Identify each occasion in which Shelby County has discriminated against contractors or subcontractors in the award or performance of construction contracts on the basis of race, gender or national origin in the past 10 years.

**ANSWER: The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014.  This Study did not attempt to examine discrimination at the level of a specific contract.  Instead, the Study determined that a disparity existed with regard to construction contracts, which according to prevailing law, creates an inference of discrimination.**

**INTERROGATORY NO. 10:** Identify each complaint made to Shelby County in the past 10 years that a person or entity has been discriminated against on the basis of race, gender, or national origin in the award or performance of Shelby County administered construction contracts including the specifics of each contract or contracts in question.

**ANSWER: The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014.  This Study did not attempt to examine discrimination at the level of a specific contract.  Instead, the Study determined that a disparity existed with regard to construction contracts, which according to prevailing law, creates an inference of discrimination.  Defendants are not aware of any specific complaints.**

**INTERROGATORY NO. 11:** Identify each prime contract for construction in Shelby County that was awarded by Shelby County since the implementation of the Shelby County MWBE program in January 2017 without the prime contractor having achieved the MWBE goal (i.e. awarded on the basis of "good faith efforts").

6

**ANSWER:** Defendants will produce documents answering Interrogatory No. 11 in connection with their responses to Plaintiffs' document requests.

**INTERROGATORY NO. 12:** Identify the employee(s) and/or representatives of Shelby County who adopted or approved the use of race, gender, and national origin based preferences in construction contracts awarded by Shelby County within the past 10 years.

**ANSWER:** The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014. This lawsuit purports to challenge the constitutionality of the MWBE Program, which took effect on January 1, 2017. Shelby County's MWBE Program was adopted by the Shelby County Board of Commissioners on or about December 19, 2016.

**INTERROGATORY NO. 13:** Identify each Shelby County employee(s) or representative(s) who worked or consulted with MTA in the production and/or evaluation of the MTA study.

**ANSWER:** The following is a list of Shelby County employees with whom Mason Tillman corresponded during the time that it was preparing the Shelby County Disparity Study:

- Carolyn Watkins, Administrator of Equal Opportunity Compliance
- Monika Johnson, Former Assistant County Attorney
- Clifton Davis, Former Administrator of Purchasing
- Marcy Ingram, Director of Legislative Services/Senior Attorney
- Kathryn Pascover, Former County Attorney
- Harvey Kennedy, Former Chief Administrative Officer
- Tom Moss, Former Assessor's Office

7

- Tom Needham, Former Public Works Director

- Mike Swift, Former Director of Administration and Finance

- Maurice Denbow, Former Supervisor B

- Van Sturdivant, Chief Administrative Officer

- Mary Lynn Seale, Manager of CIP

- Qur'an Folsom, Chief Administrator for Shelby County Board of Commissioners

- Bob Dunseath, Trustee's Office

- Dini Malone, Juvenile Court Administrator

**INTERROGATORY NO. 14:** Of the 1,193 unique market area businesses described in the MTA Study Chapter 6, Section II.A, page 6-2, identify each of the prime and sub-contractor construction firms included in that number and for each please state:

a. Name of the firm

b. Address

c. NAICS code

d. Race, ethnicity, gender and MWBE status of the owners of the firm

e. How often the firm bid on Shelby County contracts as a prime contractor

f. How often the firm submitted quotes as a subcontractor on Shelby County administered contracts

g. Size of the firm by total number of employees

**ANSWER:** Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016. Accordingly, Shelby County is not aware of the identity of each prime and sub-contractor firms referenced in Interrogatory No. 14.

**INTERROGATORY NO. 15:** Identify each document that classified the firms (identified in your response to interrogatory 14) by their six (6) digit NAIC code and weighted these firms by the amount of Shelby County expenditures in that NAIC code.

**ANSWER:** Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016. Accordingly, Shelby County cannot identify the documents used by Mason Tillman in connection with the subject(s) referenced in Interrogatory No. 14. As requested in Plaintiffs' First Request for Production of Documents, Defendants will produce the documents provided to Mason Tillman (to the extent that these documents have not already been produced in response to Plaintiffs' various open records requests).

**INTERROGATORY NO. 16:** Identify the Shelby County prime construction contracts during the MTA study period from January 1, 2012 until December 31, 2014 and for each please state:

    a. The contractors who submitted a bid

    b. The contractor awarded the contract

    c. The MWBE status of each bidder

    d. The MWBE goal set on the contract, if any.

    e. Whether there was a mechanical or plumbing component of the contract specifications.

**ANSWER:** Shelby County does not maintain the list of contractors who submitted bids for the stated period. There was also no such thing as an MWBE status or MWBE goal for the stated period. Accordingly, Defendants will provide documents detailing the information responsive to subsections (b) and (e) in response to Plaintiffs' document request.

9

**INTERROGATORY NO. 17:** Identify each document in which Shelby County has defined when a firm owner (who is identified with a minority group or as a female) is no longer considered socially disadvantaged because of the personal achievements of that owner.

**ANSWER:** **Defendants object to the use of the words "socially disadvantaged" as vague and undefined. Subject to the foregoing objection and without waiving same, Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016. Plaintiffs appear to be conflating minority with socially disadvantaged. The disparity study did not and does not purport to determine whether or not any particular construction firm owner is/was socially disadvantaged.**

**INTERROGATORY NO. 18:** Identify each Shelby County document which discusses whether MWBE goals should be set on the entire contract amount or on the subcontract amount.

**ANSWER:** **Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016. Defendants would refer Plaintiffs to the portions of the Shelby County Disparity Study prepared by Mason Tillman wherein MWBE goals are discussed.**

**INTERROGATORY NO. 19:** Identify each Shelby County employee who has been terminated, reprimanded or otherwise disciplined for discrimination based upon race or gender in relation to the award of a Shelby County Construction contract within the last 20 years.

**ANSWER:** **Defendants object to Interrogatory No. 19 on the grounds that it is overly broad. The Shelby County Disparity Study prepared by Mason Tillman used a relevant time period of January 1, 2012 to December 31, 2014. Subject to the foregoing**

10

**objection and without waiving same, Defendants are not aware of any employees responsive to this Interrogatory.**

**INTERROGATORY NO. 20:** Identify each document in which race or gender-neutral alternatives to the MWBE preferences were discussed or considered.

**ANSWER:  Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016.  Defendants would refer Plaintiffs to the portions of the Shelby County Disparity Study prepared by Mason Tillman wherein race or gender-neutral alternatives are discussed.**

**INTERROGATORY NO. 21:** Does Shelby County conduct an independent investigation to determine that those applying for MWBE status are socially and economically disadvantaged. If your answer is "yes", please

a. Identify the person(s) and positions responsible for such independent investigation

b. Does the Shelby County have policies, procedures, or a manual which details the investigation that must be conducted or considered

c. Identify the standards used in making the determination of whether an applicant seeking MWBE status is socially and economically disadvantaged

d. Please identify each applicant for MWBE status who was female or minority status who was denied MWBE status because there were not socially or economically disadvantaged

e. Identify each applicant for MWBE status that was not female or minority status who was awarded MWBE status

**ANSWER:   Defendants object to the use of the words "socially disadvantaged" as vague and undefined.  Subject to the foregoing objection and without waiving same, Shelby County retained Mason Tillman to conduct a disparity study, which was finalized in March of 2016.  Plaintiffs appear to be conflating minority with socially disadvantaged.  The disparity study did not and does not purport to determine whether or not any particular**

11

**construction firm owner is/was socially disadvantaged. Shelby County does not conduct an independent analysis to determine whether those applying for MWBE status are "socially and economically disadvantaged."**

Respectfully submitted this the 6th day of June, 2019.

s/S. Keenan Carter
Edward L. Stanton III (#18904)
S. Keenan Carter (#23386)
Kathryn K. Van Namen (#31322)
**BUTLER SNOW LLP**
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
T:  (901) 680-7200
F:  (901) 680-7201
Edward.stanton@butlersnow.com
Keenan.carter@butlersnow.com
Kate.vannamen@butlersnow.com

*Attorneys for Shelby County, Tennessee*

## Verification

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Carolyn Watkins, having been first duly sworn, state as follows:

I am the Shelby County Administrator of Equal Opportunity Compliance, and in that capacity I execute the foregoing Answers to Interrogatories. I verify that I have read the foregoing Answers and am familiar with the contents thereof. To the extent the information set forth therein is within my personal knowledge, the matters set forth are true and correct to the best of my knowledge and information. To the extent the information set forth therein is not known to me personally but is based on the information and records of Shelby County Government, the matters set forth are true and correct to the best of my information and belief.

_____
Administrator of Equal Opportunity Compliance
Shelby County, Tennessee

SWORN TO and SUBSCRIBED before me this 6 day of June, 2019.

_____
Notary Public

My Commission Expires:

47810199.v1

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on all counsel of record via email and United States Mail, postage prepaid on this 6th day of June, 2019.

Nicholas Bragorgos, Esq.
John Barry Burgess, Esq.
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Ave., 6th Floor
Memphis, TN 38103
nbragorgos@mbbslaw.com
bburgess@mbbslaw.com

           s/S. Keenan Carter

47498568.v6