Case 2:19-cv-02047-SHL-tmp   Document 103-1   Filed 06/25/20   Page 1 of 7   PageID 1042
Case 3:19-mc-80226-SK   Document 29   Filed 06/12/20   Page 1 of 7

EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MECHANICAL CONTRACTORS ASSOCIATION OF MEMPHIS, INC., et al.,<br><br>Movant,<br><br>v.<br><br>MASON TILLMAN ASSOCIATES, LTD.,<br><br>Respondent. | Case No. 19-mc-80226-SK<br><br>**ORDER GRANTING SECOND MOTION TO COMPEL AND AWARDING FURTHER SANCTIONS**<br><br>Regarding Docket No. 25 |

On December 18, 2019, the Court granted Movant's motion to compel Respondent's compliance with a subpoena issued in underlying litigation. (Dkt. 17.) The Court simultaneously awarded sanctions in the amount of Movant's attorneys' fees and costs for bringing the motion to compel. (*Id.*) Respondent appealed the Court's order granting the motion to compel and awarding sanctions to the Ninth Circuit. (Dkt. 20.) The Ninth Circuit dismissed the appeal (Dkt. 23) and issued its mandate (Dkt. 24). Movant now brings a second motion to compel and requests additional sanctions in the amount of the cost of bringing the second motion to compel. (Dkt. 25.) The Court finds that the motion is suitable for disposition without oral argument and VACATES the hearing currently set for June 22, 2020.

## BACKGROUND

Movant Mechanical Contractors Association of Memphis, Inc. ("Movant") is a plaintiff in a lawsuit currently pending in the United States District Court for the Western District of Tennessee, 2:19-02047. (Dkt. 1.) That lawsuit alleges that Shelby County, Tennessee, unconstitutionally used or uses race-based preferences to award governmental contracts under the Shelby County Minority/Women Business Enterprise program. (*Id.*) The program relies on a diversity study conducted by third-party Mason Tillman Associates, Ltd. ("Respondent"). (*Id.*)

On July 24, 2019, Movant served a subpoena on Respondent seeking production of documents and things related to the diversity study. (*Id.*) The subpoena set a date of August 22, 2019, at 9:00 a.m. and a location at a law firm in San Francisco, California, as the time and place for the production. (*Id.*) Respondent provided no objections and did not indicate in any manner that Respondent would fail to appear at the deposition.

Counsel for Movant travelled to San Francisco on the appointed date, but no representative from Respondent appeared. (*Id.* (Bragorgos Aff.)) Respondent provided no documents. (*Id.*)

On September 19, 2019, Movant filed a motion to compel compliance with the subpoena, or, in the alternative, to transfer the motion to the Western District of Tennessee. (*Id.*) Movant also requested a finding of contempt and monetary sanctions pursuant to Federal Rule of Civil Procedure 45(g). (*Id.*) Respondent opposed the motion to compel on the basis that the subpoenaed documents include proprietary information crucial to its business. (Dkt. 10.) Respondent argued that it was not responsible for failing to appear for the document production at the appointed time and place because the subpoena was served on an intern who did not realize the significance of the subpoena. (*Id.*)

The Court heard oral argument on December 9, 2019. (Dkt. 12.) The Court allowed Respondent to file a response directed to the amount of costs requested by Movant, which Respondent filed on December 16, 2019. (Dkt. 15.) On December 18, 2019, the Court issued its order denying the motion to transfer, granting the motion to compel, and awarding sanctions in the amount of $8,369.00. (Dkt. 17.) The Court found that the material requested in the subpoena falls within the scope of permissible discovery under Federal Rule of Civil Procedure 26 because it directly pertains to the diversity study that is a central issue in the underlying case. (*Id.*) The Court held that Respondent's concerns about producing proprietary information would be addressed by the protective order entered by the Court on December 18, 2019. (*Id.*; Dkt. 18 (Protective Order).)

The Court further concluded that Respondent's excuse for not complying with the subpoena – that it had initially been received by an intern – was legally insufficient to contest service of process. (Dkt. 17.) Because Respondent was unable to assert any facts supporting

2

inadequate service at oral argument, the Court found that Respondent had acted in bad faith by failing to comply with the validly served subpoena. The Court further held that Respondent had wasted the resources of the Court and the parties by failing to address the standard for a motion to compel in its briefing, instead addressing substantive objections to the subpoena that it had never previously broached. (*Id.*) Respondent's conduct showed blatant disregard for the ordinary course of discovery procedures and required Movant to undertake substantial effort and expense to remedy noncompliance for which there was no good faith basis. (*Id.*) Accordingly, the Court ordered Respondent to comply immediately and completely with the requests for information outlined in the subpoena, with all production to be completed no later than February 1, 2020. (*Id.*) The Court further ordered Respondent to pay sanctions in the amount of fees and expenses incurred in bringing the motion, $8,369.00.

On January 17, 2020, Respondent appealed the Court's order on the first motion to compel to the Ninth Circuit. (Dkt. 20.) Movants requested that the appeal be dismissed as frivolous. (Dkt. 25-1 (Leveroni Dec. Ex. B).) The Ninth Circuit granted Movant's motion and dismissed the appeal on March 31, 2020. (Dkt. 23.) The Ninth Circuit issued its mandate on April 20, 2020. (Dkt. 24.) Movant now brings a second motion to compel compliance with the original subpoena and seeks sanctions in the amount of the cost of bringing the second motion. (Dkt. 25.) Movant reports that Respondent has not yet complied with the order of this Court in any respect. (*Id.*)

After the Ninth Circuit's order on April 20, 2020 and up to May 1, 2020, Movant sent four email messages, left one voicemail message, and had one telephone conversation with Respondent's counsel. Movant reports that its counsel left a voicemail for Respondent's counsel on April 2, 2020. (*Id.*) On April 7, 2020, Movant's counsel sent an email to Respondent's counsel's email address. (Dkt. 25-1 (Leveroni Dec. Ex. D).) Also on April 7, 2020, Movant's and Respondent's counsel spoke by phone, but Respondent's counsel had no information regarding Respondent's compliance with the Court's order. (Dkt. 25-1 (Leveroni Dec. Ex. E).) On April 16, 2020, after no response, Movant sent another email to Respondent's counsel requesting an update and pointing out that Respondent's noncompliance was delaying the underlying litigation. (Dkt. 25-1 (Leveroni Dec. Ex. F).) On April 23, 2020, Movant's counsel sent another email

3

including a copy of the Court's order on the motion to compel and demanding compliance. (Dkt. 25-1 (Leveroni Dec. Ex. G).) On May 1, 2020, Movant's counsel sent a final email to Respondent's counsel requesting compliance. (Dkt. 25-1 (Leveroni Dec. Ex. H).) Despite these numerous attempts, Respondent did not produce documents or pay the sanction.

Respondent opposes the second motion to compel and for further sanctions. (Dkt.27.) Respondent notes that its office has been closed since March 16, 2020, pursuant to the order of the Alameda County Health Officer ordering nonessential businesses to close due to novel coronavirus COVID-19. (*Id.*; Dkt. 27-1 (Health Order).) Respondent points out that response time from Mason Tillman Associates employees has slowed considerably, as its employees are now working from home. (Dkt. 27.) Respondent also indicates that some documents responsive to the subpoena currently exist only in hard copy in the offices of Mason Tillman Associates, and thus cannot be provided until the stay at home order is lifted. (*Id.*) Respondent indicates that it intends to mail a check for the initial sanctions amount to Movant by June 4, 2020. (*Id.*) Respondent argues that Movant's request for further sanctions is unreasonable because Movant's counsel "could have called and hammered out a proposed schedule" for production. (*Id.*) Finally, Respondent argues that all of Movant's requests for documents before the mandate had been issued were premature. (*Id.*)

## DISCUSSION

### A. Legal Standards.

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to a nonparty to testify, produce documents or things, or allow the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 incorporates the scope of discovery dictated by Rule 26. *Cabell*, 2018 WL 3023343, at *2 (citing *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2015)). Accordingly, a party may subpoena "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). On a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery. *In re: Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. Jun 19, 2014). The burden then shifts to the party opposing

4

discovery to show "that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information. *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)).

Federal Rule of Civil Procedure 45(g) provides that a court in the district where compliance with a subpoena is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 f.2d 492, 494 (9th Cir. 1983) (discussing previous equivalent subsection of Rule 45). "Civil contempt is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). Civil contempt may also "compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "If a third party fails to comply with a subpoena, the ordinary remedy is to seek an order requiring compliance and then seek contempt sanctions for continued non-compliance." *Mirra v. Farella Braun & Martel, LLP*, 2016 WL 2606748, at *4 (N.D. Cal. May 6, 2016). However, a court "may impose sanctions under its inherent power" in such a scenario where "it finds 'bad faith, or conduct tantamount to bad faith,' such as recklessness 'combined with an additional factor such as frivolousness, harassment, or an improper purpose.'" *Id.* (citing *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)).

B.   **Analysis.**

Respondent became aware of this Court's order requiring compliance with the subpoena on December 18, 2019. Rather than filing an appeal immediately or complying with the subpoena immediately, as ordered, Respondent waited nearly a full month to appeal the order. (Dkt. 20.) As Respondent had no legal basis for filing the appeal, doing so was clearly a dilatory tactic. (Dkt. 23.) Respondent's claim that Movant's requests for compliance were premature prior to the issuance of the mandate thus rings hollow. Respondent was well aware of this Court's order; Movant's counsel's attempts to set a schedule for compliance were therefore reasonable as soon as the Ninth Circuit's decision dismissing the appeal as frivolous issued.

5

Setting aside the frivolity of Respondent's appeal, the Ninth Circuit issued its mandate on April 20, 2020. The Court is considering the instant motion to compel in the middle of June. Respondent has had six weeks to comply since the issuance of the mandate, yet it has not done so. The Court is astonished that Respondent's counsel continues to make excuses for Respondent's noncompliance. Though the pandemic and concomitant office closures certainly present challenges, Respondent has made no attempt to communicate what those challenges might be to Movant and to cooperate to provide a timeline for compliance.

As was true of the first motion to compel, Respondent has waited for Movant to incur the expense of bringing a motion to compel before bringing up substantive responses related to compliance with the subpoena. Respondent's counsel could have told Movant's counsel about the documents in hard copy located in the closed Mason Tillman offices or Respondent's plan to pay the original sanctions amount; instead, Movant has been forced to seek the authority of the Court to obtain basic information, wasting both the Court and the parties' resources. Respondent's counsel's assertion that Movant's counsel simply could have called to "hammer out a schedule" is laughable in light of the record of communications Movant's counsel has presented to the Court. In fact, Movant's counsel did call, and email, and call again, and email again – for a total of six attempts to communicate productively regarding compliance with the subpoena. Respondent's counsel's objection to receiving emails rather than calls is completely meritless; indeed, the Court can well understand why Movant's counsel would want a written record of attempts to communicate with Respondent's counsel on this matter.

The Court concludes that Respondent has again flouted basic discovery procedure and has again offered up bad faith excuses for its noncompliance with the duly issued subpoena that at this point was served almost a year ago. The Court again finds that sanctions in the amount of the attorneys' fees and costs incurred in bringing the motion to compel are appropriate.

## CONCLUSION

For the reasons set forth above, the Court HEREBY GRANTS the motion to compel subject to the terms of the standard protective order for the Northern District of California, which the Court entered on December 18, 2019. The Court GRANTS the request for fees and costs

associated with this motion in addition to the sanctions previously awarded and HOLDS Respondent in contempt.

The Court ORDERS Respondent to comply IMMEDIATELY with the duly issued subpoena. Respondent shall immediately PRODUCE all subpoenaed materials that are available electronically. Counsel shall confer to set a reasonable schedule for compliance regarding the documents only available in hard copy in the Mason Tillman offices. The parties shall submit a joint status report detailing progress toward compliance no later than June 29, 2020.

Respondent shall immediately PAY the sanctions previously ordered, $8,369.00, plus sanctions of $4,125.00 associated with this motion, for a total amount of $12,494.00. Respondent's progress in making monetary payments shall also be included in the status report.

If Respondent fails to produce discovery and pay the sanctions amount, the Court will increase sanctions as necessary to ensure compliance.

**IT IS SO ORDERED.**

Dated: June 12, 2020

SALLIE KIM
United States Magistrate Judge

7